Emmett J. Schnepp, J.
The City of Rochester and New York State Environmental Facilities Corporation (herein referred to as EFC), plaintiffs, entered into a contract on July 14, 1971, under which the EFC agreed for a period of two years to receive and dispose of solid waste refuse originating in the city in a solid waste disposal facility on the State Agricultural & Industrial School site in the Town of Rush. The Town of Rush Zoning Ordinance prohibits the ‘ ‘ Dumping of refuse waste material or other substances * * * in all districts within the town, except for the purpose of filling in an established grade ’b Section 25 (C) added as an amendment on June 8, 1971 provides that: “ No person shall transport or bring or cause to be transported or brought into, or shall throw, dump or deposit, or cause to be thrown, dumped or deposited, in any part of the Town of Rush, any garbage, rubbish or abandoned vehicles or parts thereof, from any source whatever originating outside of the Town of Rush; and no person shall permit such throwing, dumping or depositing thereof upon property owned, leased or controlled by such person. ’ ’
In this action, the city seeks to enjoin the defendants from interfering with its right to operate vehicles on the public State highways in the Town of Rush for the purpose of transporting refuse and from enforcing the ordinance against the city. The EFC seeks an injunction restraining the town from taking any action that will interfere with the construction or operation of the disposal facility. The answer of defendants sets forth various affirmative defenses and counterclaims alleging that the disposal facility will contaminate the groundwaters in Rush, pollute the nearby Genesee River by way of seepage, surface runoff and flooding, that the operation is in violation of the State and Federal Constitutions and various existing State and Federal laws and regulations as well as the Rush Zoning Ordinance, and will create a continuing trespass and nuisance and cause irreparable harm. The defendants request judgment declaring that the operation is illegal and seek to permanently enjoin the plaintiffs from operating the facility.
*330 The city, which claims that its present disposal site is exhausted and its continued operation a health hazard, has expended in excess of $800,000 for equipment to transport the refuse to the Bush site. The EPC has prepared the site for the operation of the facility and constructed a service road from the State highway. The town has threatened to arrest the operators of any vehicles bringing refuse to the site. The charge that members of the Rush Citizens Association, defendants, have threatened to stop, block and interfere with such vehicles is denied, although there is an admission of an intent to halt the trucks to advise the drivers that they are violating the dump ordinance. All parties seek a temporary injunction.
The defendants contend that the purpose of the amendment was to restrict the dumping of imported refuse and not to impede the use of highways. The plain language of the ordinance, however, expressly prohibits the transportation of such materials. This part of the ordinance is invalid in that it exceeds the power of the town to regulate traffic. (Wiggins v. Town of Somers, 4 N Y 2d 215; Vehicle and Traffic Law, § 1604; Town Law, § 130, subd. 7.)
In opposing plaintiffs’ application, defendants’ main argument is that it has the power to regulate the use of lands within the town as a dump and that the plaintiffs are bound by the terms of the Rush Zoning Ordinance. This contention would have merit if the activity in question were not a governmental function conducted by a State agency.
It is the EFC, not the city, which has designed and constructed the disposal facility and proposes to operate the same and to receive and deposit refuse from Rochester at the site. The Legislature endowed EFC with the power to construct, maintain and operate solid waste disposal facilities, and to contract with a municipality, such as the city, for the disposal of its .solid waste in such facility. (Public Authorities Law, § 1283, subd 1; § 1285, subd. 3, par. [a].) The only limitations in site location require that the EFC take into consideration the character of the area and the zoning regulations applicable thereto. (Public Authorities Law, § 1285, subd. 6.) This requirement is not equivalent to a direction that the EFC either comply with such regulations or be subject thereto.
The question as to whether refuse disposal is a governmental function has been determined. In the case of Nehrbas v. Incorporated Vil. of Lloyd Harbor (2 N Y 2d 190, 194-195) the Court of Appeals said ‘1 Nor may the disposition of refuse and rubbish be placed in a different classification and treated as non *331 governmental. Under present conditions, the continued -well-being and health of the community and its inhabitants, as well indeed of those in nearby sections, demand that garbage be removed. The necessity creates the duty, and it is incumbent upon the municipality to assure its collection and disposal. Whatever the view may have been years ago * * * such an activity must today be stamped a governmental function ’ ’. There the court permitted the village to use a building in connection with this governmental function, even though the use violated its own zoning restrictions. Although this case involved a municipality and its own ordinance, the same principle has been applied to exempt a municipality from the application of zoning restrictions of other governing bodies in the performance of governmental duties and functions. (Village of Larchmont v. Town of Mamaroneck, 239 N. Y. 551.)
It follows that on broad principles of sovereignty the State or its agency must be able to perform a governmental function free of local control and it has been so held. (County of Westchester v. Village of Mamaroneck, 22 A D 2d 143, affd. no opinion 16 N Y 2d 940.) Further the Legislature itself declared that in carrying out its purposes and in exercising its powers the EFC is performing an essential governmental function. (Public Authorities Law, § 1283, subd. 2.)
The court is concerned here only with the granting of temporary relief pending a full trial on the merits. All parties claim irreparable harm if their motion for a preliminary injunction is denied. Based upon the proofs before the court it appears that plaintiffs have a clear right to the relief they seek. The same determination cannot be made in connection with the relief sought by the defendants, which is based upon the;r claim that the disposal operations will pollute and contaminate the environment, since such claims are controverted by EFC and the opinions of the respective experts are in sharp conflict. These conflicting affidavits show the existence of a serious question of fact, and based thereon it cannot be said at this time that the defendants have demonstrated a reasonable probability of success or a clear right to relief, and therefore their application for temporary relief is denied. Plaintiffs have demonstrated their right to a preliminary injunction pursuant to CPLB 6301. The action of the court herein neither prejudices nor adjudicates the merits of the respective claims which may be determined only after a trial.
In the interest of justice, the trial should be preferred, so that the issues may be promptly disposed of, the defendants having *332 the right to demand such trial preference under CPLB 3403 (subd. 1). A full trial may show that the disposal facility contaminates and pollutes the environment in which event the defendants will be successful in obtaining the relief they seek.
Accordingly, pending the final determination of the action on the merits, the defendants are enjoined from in any manner interfering with the construction, maintenance and operation of the solid waste disposal facility on the State Agricultural & Industrial School land at Industry in the Town of Bush, and from enforcing the zoning ordinance of the town with respect to the premises or any part thereof as would interfere with the execution of such governmental use and the defendants, their officers, agents and servants, are further enjoined from in any manner interfering with vehicles using the public highways and transporting refuse of any form to such facility.