Arnold L. Fein, J.
This is a motion by an orthodox Hebrew Congregation to enjoin pendente lite the New York City OffTrack Betting Corporation (OTB) from maintaining and operating an off-track branch betting office, at premises 244-246 West 23rd Street, Manhattan, located 38 feet from plaintiff’s synagogue.
Plaintiff contends that the operation and maintenance of a betting establishment in such location violate the zoning resolution. Plaintiff also argues that the close proximity of the betting office to its house of worship is offensive to the Jewish community, and will ‘ ‘ disrupt, degrade and impede ’ ’ the religious services conducted in the synagogue and religious education *782 of pupils attending its school, and will ‘ ‘ disturb the spiritual tranquility ’ ’ of the congregation.
O.T.B. is a public benefit corporation, performing a governmental function. (L. 1970, ch. 144 [New York City Off-Track Betting Corp'oration Law], amdg. Pari-Mutuel Revenue Law, § 71, subd. 3.) The O. T. B. betting office involved is within a “general central commercial district” (C-6 zoning district), in which ‘1 use groups ’ ’ 1 through 12 are permitted by the zoning resolution. O.T.B. ’s use of the branch office as part of a governmental function is within the description of Use Group 6B, “ Offices, business, professional, or governmental”, authorized within a C-6 zone by chapter 2, Use Regulation, section 32-15 of the New York City Zoning Resolution.
Accordingly, there is no basis for finding a violation of the Zoning Resolution by O.T.B. Moreover, unlike the laws limiting the location of businesses dispensing or selling liquor or the location of pool parlors, there is nothing in the statute creating the O.T.B. which limits the location of its offices so as to preclude their operation adjacent to houses of worship or schools.
Although O.T.B. apparently has the power to open an office where it will, in such a use district, it- is unfortunate that it did not consider the effect of its location so near a religious institution. No reason has been advanced by O. T. B. why the branch office could not have been opened elsewhere in the neighborhood and not in such close proximity to a synagogue. Granted the power, wisdom in its exercise would suggest that O.T.B. has a responsibility to locate its branch offices in places that will not interfere with or offend the feelings of observants attending a place of worship, or children attending a religious or public school.
There is no basis for enjoining the maintenance of the betting office as a nuisance. Certain forms of gambling, formerly forbidden by law, are now tolerated by legislative fiat. The State Constitution (art. I, § 9) prohibits gambling, with certain exceptions, for revenue purposes, such as bingo, the sale of lottery tickets, pari-mutuel and off-track betting.
There are several bills introduced this year in the State Legislature proposing to authorize gambling of various types in certain areas, in order to obtain additional revenue to ease the taxpayers’ burden.
The result is that, in our permissive society, gambling in certain forms is no longer condemned, but openly carried on and even encouraged under State supervision, for revenue purposes, although a large segment of the population opposes any form of gambling.
*783 The branch office here challenged, although it may be offensive to plaintiff congregation, cannot be restrained from operating, because it is not violative of the zoning resolution, not,illegal and is not a nuisance judged by present day standards. The remedy, if any, lies with the wisdom of the Legislature, or the sensibilities of the O.T.B., not the courts.
There is no warrant in fact or law to grant injunctive relief. The court is constrained to deny the application. Motion denied.