Emmett J. Schnepp, J.
By written decision dated August 19, 1971 this court held, in this permanent injunction action, that the defendants be temporarily enjoined from interfering with the construction, maintenance and operation by the New York Environmental Facilities Corporation (EFC) (Public Authorities Law, § 1280 et seq.) of a solid waste disposal facility on State lands in the Town of Rush and from enforcing the ‘ ‘ waste disposal ” provisions of the town zoning ordinance so as to interfere therewith and with vehicles using the public highways and transporting refuse to such facility. (City of Rochester v. Town of Rush, 67 Misc 2d 328, affd. 37 A D 2d 795.) Thereafter these provisions of the zoning ordinance were repealed and a new section was adopted, which prohibits dumping in the town without the issuance of a permit to the property owner. Defendants claim here that EFC needs a permit under the new regulations, and that the order entered on the prior decision of the court should be limited in its application to the prohibited interference with refuse vehicles using the public highways in Rush, as restricted by the repealed ordinance, and should not be applicable to the “ new comprehensive legislative plan for the regulation of waste disposal, sanitary landfill and dumping operations ” in Rush.
"While in its narrower sense, the prior ruling of the court was related to restrictions on the use of public highways, its main prohibitions were aimed at the town’s attempt to regulate the State or a State agency in the performance of a governmental function. (County of Westchester v. Village of Mamaroneck, 22 A D 2d 143, affd. without opn. 16 N Y 2d 940.) The holding that, on broad principles of1 sovereignty, the EFC must *452 be able to perforin its governmental functions free of local control, applies to any local zoning regulation, and the town is without power to require EFC to apply for or obtain a permit under any of its regulations.
The amendment to the zoning ordinance after the commencement of the EFC operation cannot change the basic law applicable to State agencies and cannot enlarge upon the powers of the town to restrict this corporation in its governmental function. Although subdivision 6 of section 1285 of the Public Authorities- Law requires that EFC take into consideration the character of the area and the zoning regulations applicable thereto, as was previously held this is not equivalent to a direction that EFC either comply therewith -or be subject thereto. In any event, before the facility was established and during the planning-stages, EFC could not give consideration to nonexistent regulations and there is no legal requirement that it consider them now. The application is denied insofar as it relates to the prior court -order. The application by the defendants, however, for an order substituting parties and attorneys is granted.
The real question in this case -concerns environmental pollution, and the issues raised here may only be determined after a full trial. Defendants have not sought the trial preference to which they are entitled, and have indicated no readiness to proceed to trial and submit proof on their counterclaim that the EFC disposal facility contaminates ground waters, pollutes the Genesee River and causes irreparable harm.