Emmett J. Schnepp, J.
In this action for a declaratory judgment and injunctive relief, plaintiffs seek an order restraining the defendants from purchasing premises known as 50 Brown-croft Boulevard in the City of Rochester, New York, pending *519 determination of the issues in the action. Defendants have made a cross motion for judgment dismissing the complaint pursuant to CPLft 3211 (subd. [a], pars. 2, 3, 7 and 8). Their claims that the court has no jurisdiction of the subject matter of the action and of the person of the defendants (CPLR 3211, subd. [a], pars. 2 and 8), were not seriously pressed, are without merit and denied.
The individual plaintiffs are the owners of real property in close proximity to the subject premises, which the Division of Youth, Executive Department of the State of New York, either intends to or has purchased for a youth center to house, under adult supervision, some three to seven youths, who need help for corrective or rehabilitative purposes. This property is situate in an R-l residential district under the Zoning Ordinance of the City of Rochester in which the proposed use is not permitted. The State authorities have not nor do they intend to make any application to the city zoning authorities for approval of the use. Plaintiffs claim that the use will depreciate the market value of their real property and endanger children of the area because .of the influence exercised by the type of youth proposed to be housed in this property.
The motion to dismiss the complaint upon the ground that plaintiffs lack standing to maintain this action and have no legal capacity is without merit. In the complaint and motion papers plaintiffs allege a threatened injury to their personal rights and thus claim they are personally aggrieved and accordingly have standing to challenge the action by the Division for Youth. The plaintiffs allege more than a “ mere possible injury to the public ” (St. Clair v. Yonkers Raceways, 13 N Y 2d 72, 77), and the alleged threatened injury here to the personal rights of these individual plaintiffs is sufficient to give them standing to challenge the act in question. (Matter of Donohue v. Cornelius, 17 NY 2d 390.)
Further there is no. basis for a class action. (Gaynor v. Rockefeller, 15 N Y 2d 120.) Any wrongs asserted are individual to the different persons involved and give rise to charges of separate wrongs against the several members of the purported class. The nature and extent of any claimed wrong may vary in accordance with the proximity of the individual property owner, among other things, to the property in question.
The crux of the complaint is that the contemplated use violates the building and zoning ordinances of the city and that without proper zoning approval the acquisition .of the property by the State for the contemplated use is illegal and void. In
*520 creating the Division for Youth the Legislature directed that, as one of its functions, youth centers be established, operated and maintained in order to prevent youth delinquency and youth crime. (Executive Law, § 501.) It appears that this property is being acquired to carry out such purpose. The Rochester Zoning Ordinance would have the effect of “ thwarting the State’s policy ” as expressed in the Executive Law of providing for youth centers to prevent delinquency and crime and “ insofar as it conflicts and hinders an overriding State law and policy [it] is void ”. (Abbott House v. Village of Tarrytown, 34 A D 2d 821, 822; Matter of Wiltwyck School for Boys v. Hill, 11 N Y 2d 182; City of Rochester v. Town of Rush, 67 Misc 2d 328, affd. 37 A D 2d 795.) The Division for Youth is entitled to an exemption from the zoning ordinances of the City of Rochester to operate a youth center and is not required to obtain zoning approval or other consents.
There is nothing before the court bearing on plaintiffs’ claim that the State acted in an arbitrary and capricious manner in the purchase and use of the property and that due consideration was not given to the character of the neighborhood and that less objectionable methods of accomplishing the same results could have been found. No evidentiary facts were submitted from whiqh a finding could be made directly or by inference that the defendants acted in bad faith or so capriciously and arbitrarily as to be unreasonable. The courts do pot judge administrative discretion and “ it is the settled policy of the courts not to review the exercise of discretion by public officials in the enforcements of State statutes, in the absence of a clear violation of some constitutional mandate.’’ (Gaynor v. Rockefeller, 15 NY 2d 120, 131, supra).
Although plaintiffs allege great and irreparable injury by reason of the purchase, continued maintenance and operation of the premises as a youth center and that it will depreciate the market value of their homes and place their children in danger, the proofs fail to show the existence of any triable issue of fact. The allegations relate to an expected dire impact of the operation on the neighborhood, without any present foundation in fact or proof to substantiate the outlook.
The concern of the property owners, which is related to the ability of the State and its agencies to avoid local zoning, is not wholly without merit, but a.ny direction to the State youth agency that it meet local zoning requirements must come from the Legislature, not the courts. Further the dismissal of this complaint is not to be construed as legally inhibiting the neighboring prop *521 erty owners from instituting any action in the future to abate any nuisance created by the .operation of the center.
Accordingly the motion of the defendants to dismiss the complaint for failure to state a cause of action is granted and the complaint is dismissed without costs. All other motions aré denied without costs.