George D. Ogden, J.
The Western Regional Off-Track Betting Corporation came into being pursuant to section 5 of chapter 346 of the Laws of 1973, the effective date of which was July 1, 1973. By law, “ each regional corporation shall be a body corporate and politic constituting a public benefit corporation ”. (Regional Off-Track Betting Corporation Law, § 172.) In section 116 of the Off-Track Pari-Mutuel Betting Law (L. 1973, ch. 346, § 4) the purpose of off-track pari-mutuel betting is set forth: “ it being the purpose of this article, to derive from such betting, as authorized by this article, a reasonable revenue for the support of government, and to prevent and curb unlawful bookmaking and illegal wagering on horse races Section 117 of the same law created regional off-track betting corporations, including the Western Regional Off-Track Betting Corporation. Subdivision 3 of section 141 (formerly § 71; L. 1970, ch. 144, § 1, as amd. by L. 1971, ch. 423, § 1) referred to the New York City Off-Track Betting Corporation, created by section 143 of the same law, and declared that it “ will perform a governmental function ”.
Plaintiff has been duly organized, and has procured three properties in the County of Monroe for use as “ betting-parlors ”. The property so acquired in the Town of Henrietta and used for that purpose is the subject of this action for an injunction. The complaint states that plaintiff “ is not subject to local zoning regulations, and any attempt by defendants to enforce its (zoning) ordinance would be illegal, void, ultra-vires and outside defendants’ jurisdiction ”, and asks for a permanent injunction against defendants and an injunction pendente lite.
Defendant Town of Henrietta has enacted a zoning code prescribing the permitted uses of land in an industrial zone; the use for the conduct of a betting-parlor — a commercial use — by the plaintiff is not one of the permitted uses, although such use is subject to the issuance of a special permit by the Town Board. An application for such special permit was made by plaintiff and after a hearing denied by defendant Towm of Henrietta. Thus plaintiff is using land1 within the town contrary to the town zoning ordinance. This action followed the denial of such special permit. “ The fact that the school district unsuccessfully applied for a variance does not warrant the conclusion that it acknowledged the authority of the town ordinances and consequently should be bound thereby.” (Town of Onondaga v. Central School District No. 1, 56 Misc 2d 26, 29.)
As appears from the sections of law quoted above, plaintiff is a public benefit corporation; its purpose is to derive reason *171 able revenue for the support of government and to present and curb unlawful bookmaking. Plaintiff is performing a governmental function and as such is not subject to town zoning restrictions (City of Rochester v. Town of Rush, 67 Misc 2d 328, affd. 37 A D 2d 795; Nowack v. Department of Audit and Control, 72 Misc 2d 518; Congregation Emunath Israel v. New York City Off-Track Betting Corp., 69 Misc 2d 781; Metropolitan Transp. Auth. v. Village of Tuckahoe, 67 Misc 2d 895; Town of Onondaga v. Central School Dist. No. 1, supra; People v. Witherspoon, 52 Misc 2d 320; Incorporated Vil. of Hempstead v. County of Nassau, 141 N. Y. S. 2d 165; 1 Anderson, New York Zoning Law and Practice [2d ed.], § 9.04). In Congregation Emunath Israel v. New York City Off-Track Betting Corp. (supra, p. 782) the court said, “ O. T. B. [New York City Off-Track Betting Corporation] is a public benefit corporation, performing a governmental function ”. Inasmuch as the use of the property by O. T. B. was not violative of a zoning resolution applying to the property in question, the court did not decide whether O. T. B, was subject to zoning restrictions.
It is my conclusion that the Town of Henrietta zoning ordinance is not binding upon plaintiff. Plaintiff claims that it “ will be irreparably harmed in the event it is not permitted to open said parlor immediately ”; it claims it will suffer unascertainable damages through the payment of personnel and the loss of profits on the receipt of wagers if it is not allowed to remain open and function. Plaintiff is entitled to a preliminary injunction (CPLR 6301, 6311).
Motion for injunction pendente lite is granted.