Daniel E. Fitzpatrick, J.
This is an article 78 proceeding brought by local residents and community groups to review a determination by respondents locating an off-track betting branch office at 259-27 Union Turnpike in the Glen Oaks section of Queens on the grounds that the site selection was arbitrary and capricious, in opposition to the stated view of the Community Planning Board and in deprivation of the rights of the community residents to be heard. Petitioners also seek to enjoin respondents from proceeding with the establishment of the branch office until the Legislature acts on a bill amending the Pari-Mutuel Betting Law (L 1940, ch 254, as amd.) in relation to the location of off-track betting parlors in the City of New York.
The New York City Off-Track Betting Corporation (hereinafter OTB) is a public benefit corporation performing a governmental function whose corporate purpose is the operation of an off-track pari-mutuel betting system in the City of New York. (New York City Off-Track Betting Corporation Law, § 149, added by L 1970, ch 144, § 1, as renumbered by L. 1971, ch. 423, § 1.) Among the broad powers invested by the Legislature in OTB are the powers to acquire real property necessary or convenient for carrying out its corporate purpose, to make contracts and leases, and to construct such buildings, structures and facilities as may be necessary. (New York City OffTrack Betting Corporation Law, § 144.)
In the exercise of the authority granted by statute, OTB *982 selected a site in the Glen Oaks section of Queens as the location of an OTB branch office. The site selection was accomplished after the submission to, and the rejection of, several sites by Community Planning Board No. 13. Objections to the rejected sites centered around the proposed betting parlor’s proximity to a public school and various houses of worship, as well as concern that an office located on Union Turnpike would cause increased traffic congestion. As an accommodation to community views, the site ultimately selected by OTB is located in a commercially zoned shopping center fronting not on Union Turnpike, but on the rear entrance to the shopping center’s parking lot at 260th Street. OTB agreed, in addition, that the office would be constructed in such a manner so that its only entrance and exit would face the parking lot, away from Union Turnpike and the houses of worship.
The scope of judicial review in this matter is limited to "(a) whether the act reviewed is within the statutory power of the public agency; and (b), if it is, whether the decision within the frame of power is arbitrary”. (Council Supervisory Assns. v Board of Educ., 23 NY2d 458, 465.) As to the first branch of the court’s inquiry, petitioners’ contention that, in effect, OTB acted in excess of its authority by locating a betting parlor in Glen Oaks despite the opposition of the Community Planning Board and various community and religious leaders, is without merit. Pursuant to its duly enacted statutory powers, OTB is clearly not required to seek prior community approval before opening a branch office. (New York City Off-Track Betting Corporation Law, §§ 140-163.) Although not required to do so, OTB did consult with the Planning Board and representatives of the community in an effort to accommodate community views. As has been previously described by the court, the site selected by OTB clearly reflects the corporation’s attempt at compromise.
Respondents have not acted, furthermore, in violation of the zoning resolution. The betting parlor is located within a general commercial district (C-4) which the zoning resolution characterizes as "the City’s major and secondary shopping centers, which provide for occasional family and shopping needs and for essential services to business establishments over a wide area, and which have a substantial number of large stores generating considerable traffic”. (N. Y. City Zoning Resolution, art. III, ch. 1, § 31-14; emphasis supplied.) In *983 this zoning district use groups 1 through 6, 8 through 10 and 12 are permitted. OTB’s location of a branch office as part of a governmental function is within the description of use group 6B,. "Offices, business, professional or governmental.” (N. Y. City Zoning Resolution, art. Ill, ch. 2, § 32-15, supra.) Petitioners’ unsupported allegation that the betting parlor would increase traffic congestion does not therefore relate to any unauthorized or illegal act on the part of OTB, but to a dissatisfaction with the commercial zoning designation for the Glen Oaks shopping center area. The allegation that the site is too near houses of worship and schools is also without merit since there is nothing in the statute creating OTB which precludes or limits the location of its offices. (Congregation Emunath Israel v New York City Off-Track Betting, 69 Misc 2d 781.) It is the opinion of the court however, that although no violation of the zoning resolution has been established in this proceeding, respondent’s argument that it is exempt from all zoning requirements is without basis.
It having been established that the location of a betting parlor in Glen Oaks is within the statutory power of OTB, the court’s review is limited to whether the determination was arbitrary and capricious or an abuse of discretion. (CPLR 7803, subd 3.) Regarding this issue, petitioners allege that the opening of a betting parlor in the vicinity of houses of worship is morally wrong and "would endanger the values that are the strength and background of a community and lower the quality of life presently enjoyed and sought by the members of that community”.
The "moral issue” raised by petitioners has been decided by the Legislature of the State of New York which created OTB and gave it broad powers to accomplish its corporate purpose — the operation of an off-track pari-mutuel betting system. (New York City Off-Track Betting Corporation Law, § 141.) If petitioners’ underlying grievance is the existence of OTB, the remedy lies with the Legislature, not the courts.
It is further alleged that the opening of the Glen Oaks betting parlor would encourage an influx of loiterers and transient patrons "with the dirt, debris, crowding, overparking and other ills that have become a part of such an establishment”. This second contention raises no triable issues of fact and is equally without merit. The allegations "relate to an expected dire impact of the operation on the neighborhood, without any present foundation in fact or proof to substanti *984 ate the outlook.” (Nowack v Department of Audit and Control, 72 Misc 2d 518, 520.) The existence of OTB, to reiterate, is not the issue before the court. Petitioners have failed therefore to establish that the determination by respondents was arbitrary and capricious or an abuse of discretion. Petitioners are not precluded, however, if they be so advised, from instituting an action in the future to abate any nuisance created by the manner of operation of the betting parlor. (See People v HST Meth, 43 AD2d 932; Nowack v Department of Audit and Control, supra.)
No grounds have been established to enjoin respondents from proceeding with the establishment of the branch office pending legislative action on a bill amending the Pari-Mutuel Betting Law in relation to the location of OTB parlors in the City of New York. Where injunctive relief is sought, petitioners’ rights "are to be determined with reference to the statute in force at the time when the relief, if any, is to be awarded”. (Dieterich v Fargo, 194 NY 359, 363.)
Accordingly,, no showing of illegality or arbitrary and capricious conduct having been made, the application is denied and the proceeding is dismissed.