◼ ART METAL-U. S. CORP., Respondent, v MIA COMMERCIAL INTERIORS, INC., Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant-appellant, MIA Commercial Interiors, Inc., appeals from a money judgment in the amount of $16,707.99, plus costs and interest, in an action for goods sold and delivered commenced by plaintiff-respondent. Plaintiff's action was based upon 22 invoices in the amount of $23,065.58 which it alleged had not been paid by defendant although duly demanded. Defendant asserted a general denial and pleaded two affirmative defenses and a counterclaim which were abandoned at trial and which have not been pressed on this appeal. After carefully reviewing all of the evidence including many exhibits introduced by the defendant the trial court reduced plaintiff's damages by crediting defendant with certain earned commissions which were not reflected in plaintiff's invoices. The Trial Justice, sitting without a jury, also permitted the parties to have a lengthy adjournment between the first and second portions of the trial to explain the source, application and inclusion of certain controverted commission and merchandise credits and the application of a certain payment in the amount of $7,121.57 which was allegedly made by the defendant. Thereafter, the court made several specific findings of fact upon which it concluded that defendant owed a net amount of $16,707.99 to the plaintiff. On appeal defendant contends that the trial court erroneously converted the proceeding from an action for goods sold and delivered to an action on an account stated. Defendant asserts that it was unfairly prejudiced and surprised by this conversion of the theory of the action and that it is, therefore, entitled to a dismissal of the complaint for failure of proof or a new trial with opportunity to replead and conduct appropriate discovery. Regardless of the theory

of the action, however, the burden of proof rested upon the defendant to establish payment of the invoices relied upon by the plaintiff. Defendant failed to connect any of its alleged payments to the specific invoices involved or to the particular corporate party plaintiff who instituted the action. The records which were introduced into evidence by the defendant involved transactions with a predecessor corporation and were remote in time from the transactions sued upon in the complaint. Since the defendant failed to establish proof of payment, we see no reason to disturb the determination of the trial court. (Appeal from judgment of Monroe Trial Term in action to recover for goods sold and delivered.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.