HON. WILLIAM G. BARRY Chairman, New York State Racing and Wagering Board
This is in response to a request by John Van Lindt, Counsel to the Board, for an opinion as to whether or not a branch manager of the Catskill Regional Off-Track Betting Corporation is a public officer or public employee for purposes of Pari-Mutuel Revenue Law, § 107 (McKinney's Unconsolidated Laws, § 8052) which section prohibits a public officer or public employee from holding any license from the State Racing Commission or State Harness Racing Commission.
The Catskill Regional Off-Track Betting Corporation was established pursuant to McKinney's Unconsolidated Laws, § 8113. By law each regional off-track betting corporation is a body corporate and politic constituting a public benefit corporation (section 8113) with a purpose of deriving reasonable revenue for the support of government and to prevent and curb unlawful bookmaking (section 8062).
The powers of a regional off-track betting corporation include the power to acquire real property by purchase or condemnation; to appoint officers, agents or employees, and prescribe their qualifications and fix their compensation; to promulgate rules and regulations which have the force and effect of law, the violation of which is punishable by fine and/or imprisonment (§ 8114) and to issue bonds and notes (§ 8119).
From conversations with your office, I am informed that the duties of a branch manager of an off-track betting facility include the supervision of all employees, responsibility for cash control in regard to sellers and cashiers, and responsibility for the security and integrity of the off-track betting facility.
In order to divorce public officers and public employees from pari-mutuel racing activities, the Legislature enacted Pari-Mutuel Revenue Law, § 107 (McKinney's Unconsolidated Laws, § 8052) which section restricts the interests in which a public officer, public employee or party officer may engage. For purposes of this section, a public officer is defined as "Every state and local officer as defined in section two of the public officers law who is required to devote all or substantially all of his time to the duties of his office for which he receives compensation * * *" (section 8052[3][a]). Also, for purposes of this section, a public employee is defined as "Every person employed by the state or any municipality or other political subdivision thereof or by a local legislative body * * * who is required to devote all or substantially all of his time to the duties of his employment * * *" (section 8052[3][b]).
It appears that a branch manager of a regional offtrack betting corporation is a "public officer" pursuant to the above definition. Public Officers Law, § 2 defines a "local officer" to include every officer limited in the execution of his official function to a portion only of the state. It has been held that "indicia of public office are tenure and duration, and that the functions and duties of the office concern and affect the public, with such duties involving some portion of the sovereign power." (Matter of N.Y. Post v. Moses, 12 A.D.2d 243
[1961], at p. 250, reversed on other grounds, 10 N.Y.2d 199.) In view of the stated purposes of a regional off-track betting corporation and the powers which it is authorized to employ, it appears that the duties of a branch manager "do concern and affect the public" and involve "some portion of the sovereign power" (see 1969 Atty. Gen. [Inf.] 25).
This is particularly so since regional off-track betting corporations are administered by the State Racing and Wagering Board, as are the racetracks themselves (section 8062). Regional boards' members are appointed by county legislatures (section 8113). They have been repeatedly held to be "performing a governmental function." See Western Regional Off-Track Betting Corp. v. Town of Henrietta, 78 Misc.2d 169, 171 (Sup.Ct., Monroe Co. 1974), aff'd 49 A.D.2d 1010; Congregation Emunath Israel v. New York City Off-Track Betting Corp., 69 Misc.2d 781
(Sup.Ct., N.Y. Co. 1972).
Therefore, having in mind the purposes of off-track betting in part "to prevent and curb unlawful bookmaking and illegal wagering on horse races" (section 8062), I conclude that a branch manager of the Catskill Regional Office Off-Track Betting Corporation is a public officer for purposes of Pari-Mutuel Revenue Law, § 107 (McKinney's Unconsolidated Laws, § 8032) and that such section makes it unlawful and prohibits him from holding any license from the State Racing Commission or the State Harness Racing Commission.