Hon. Hugh A. Lavery, Jr. Corporation Counsel, Ossining
This is in response to your letter requesting an opinion from the Attorney General as to whether the Village of Ossining can include a sentence of conditional discharge for a violation of its zoning ordinance.
The Village's present zoning law, which was adopted prior to September 1, 1974, provides in pertinent part:
 "Violation of any provision . . . of this ordinance . . . shall be considered an offense punishable by a fine and/or imprisonment."
As you state in your letter, a recent decision of the Appellate Term of the Supreme Court held that the above-quoted language does not authorize a sentence of conditional discharge. (People v Montague, S Ct, App Term, Dec. 28, 1978.)
Village Law, § 20-2006, provides in pertinent part:
 "1. The board of trustees of a village may enforce obedience to its ordinances adopted prior to September first, nineteen hundred seventy-four as follows:
 "* * * b. by prescribing therefor that for each violation thereof it shall constitute a violation pursuant to the penal law * * *"
Penal Law, § 10.00 (3), defines a violation as an offense, while Penal Law, § 60.00, provides that the sentences prescribed by the Penal Law shall apply to all offenses, whether defined within or outside of the Penal Law. Penal Law, § 65.05 (1)(a), authorizes a court to impose a sentence of conditional discharge for an offense.
We, therefore, conclude that the Village of Ossining can authorize a sentence of conditional discharge by amending its zoning ordinance to delete the phrase, "shall be considered an offense punishable by a fine and/or imprisonment" and substituting in its place the phrase, "shall constitute a violation pursuant to the Penal Law."
The location of off-track betting parlors is not subject to municipal zoning.
Dated: February 22, 1979
E. James Springer, Esq. Town Attorney, Brighton
We acknowledge receipt of deputy town attorney Githler's letter inquiring whether the location of off-track betting parlors is subject to your town zoning ordinance.
Western Regional Off-Track Betting Corporation v Town of Henrietta, etal., 78 Misc.2d 169 (1974) is an opinion in a case which resulted when the corporation wanted to open off-track betting parlors in the Town of Henrietta in Monroe County and applied for special permits under the zoning ordinance of the town. The town denied the applications for the permits. The corporation, claiming that it was not subject to local zoning regulations and that any attempt by the town to enforce the zoning ordinance would be illegal, void, ultra-vires and outside the town's jurisdiction, commenced an action for an injunction against enforcement of the zoning ordinance and made a motion for a temporary injunction. The Court opinion resulted from that motion, the Court stating, at page 170:
 "* * * As appears from the sections of law quoted above, plaintiff is a public benefit corporation; its purpose is to derive reasonable revenue for the support of government and to prevent and curb unlawful bookmaking. Plaintiff is performing a governmental function and as such is not subject to town zoning restrictions * * *."
On appeal, the Appellate Division, in 46 A.D.2d 1010, refused to vacate the temporary injunction.
In our opinion, the location of off-track betting parlors is not subject to municipal zoning.
See also, an informal opinion of the Attorney General reported in 1976 Opns Atty Gen 288, a copy of which we enclose for your convenience.