Hon. Charles P. Ayers, Jr. Town Attorney Town of Tioga
This is in response to your letter requesting an opinion whether the Town of Tioga has authority, under section 1660 of the Vehicle and Traffic Law or otherwise, "to regulate transportation of nuclear materials on State highways situate in the Town".
The Court of Appeals has held that the Legislature intended that the regulation of traffic on all public highways be a matter of State concern, and that local authorities have only such powers in that area as are given to them by the State (People v Grant, 306 N.Y. 288 [1954]). Thus, any power of the Town to regulate transportation of nuclear materials on State highways situated in the Town must, if it is to exist, be found in specific legislative authority found in the Vehicle and Traffic Law. (Vehicle and Traffic Law, § 1604.)
A review of the applicable State statutes not only discloses no such delegation of State authority to regulate State highways, but, on the contrary, demonstrates that, at least insofar as towns are concerned, the State has expressly retained such authority. This specifically appears from the following provisions of the Vehicle and Traffic Law:
 a) Section 1660, entitled "Traffic regulations in all towns", specifies the authority of town boards to regulate traffic in various respects but expressly excludes any such power with respect to "state highways maintained by the state" (with limited exceptions not pertinent to the instant discussion) (§ 1660 [a]);
 b) With respect to controlled access State highways, the authority to "prohibit, restrict or regulate the operation of vehicles" is placed in the New York State Department of Transportation (§ 1621 [2]), and lack of town authority to regulate same is specifically stated (§ 1664).
It is also significant that, where the Legislature did intend to authorize local regulation of transportation of hazardous materials, it has specifically so provided (Vehicle and Traffic Law, § 1642 [21] — pertaining to cities of one million or more population, Vehicle and Traffic Law, § 1630 [20] — pertaining to roads and highways under the jurisdiction of certain enumerated public authorities and commissions.)
While there does not appear to be any New York decision directly in point insofar as transportation of nuclear wastes is concerned, it is highly persuasive that our courts have consistently held that a town has no power to regulate traffic over State-owned and maintained highways leading through the town. Lighthouse Shores v Islip, 41 N.Y.2d 7
(1976); Wiggins v Town of Somers, 4 N.Y.2d 215 (1958); City of Rochester v Town of Rush, 67 Misc.2d 328 (Sup Ct, Monroe County, 1971), affd 37 A.D.2d 795 (4th Dept, 1971).
In view of the foregoing, it must be concluded that the Town of Tioga has no authority to regulate transportation of nuclear materials on State highways situated within the Town.