Donald A. Campbell, Esq. Town Attorney, Amsterdam
You inquire whether Montgomery County must apply to the Town of Amsterdam for a permit to operate its existing landfill in the town. According to your letter, a town ordinance requires that a permit be obtained to operate a landfill in the town. The ordinance and regulations under it establish health and environmental standards and authorize permit revocation for violations.
Counties may acquire the necessary land for, and construct, operate and maintain, solid waste management facilities (County Law, § 226-b
[1]). In selecting a location for a facility, the county legislative body is required to take into consideration the present and any proposed land use character of the area and applicable zoning regulations (ibid.). A county establishing and operating a solid waste management facility within its boundaries is deemed by law to be acting in its governmental capacity (id., § 226-b [4]).
In City of Rochester v Town of Rush, 67 Misc.2d 328 (Sup Ct., Monroe Co., 1971), affd 37 A.D.2d 795 (4th Dept., 1971), the court interpreted statutory provisions remarkably similar to section 226-b of the County Law. The New York State Environmental Facilities Corporation (EFC), under contract with the City of Rochester, had undertaken the construction of a landfill in the Town of Rush. The town sought to have the landfill project declared illegal under the town zoning ordinance, which prohibited the depositing of garbage and other refuse material in the town originating from any source outside the town. In locating its projects, EFC is required to "take into consideration" the character of the area and the applicable zoning regulations (Public Authorities Law, § 1285 [6]). Further, the Legislature has declared that in carrying out its statutory purposes, EFC is performing an essential governmental function (id., § 1283 [2]). The court noted these statutory provisions and concluded that EFC was nevertheless not subject to the town's zoning ordinance (City of Rochester v Town of Rush, supra, at 331). The court cited Nehrbas v Incorporated Village of Lloyd Harbor,2 N.Y.2d 190 (1957) and Village of Larchmont v Town of Mamaroneck,239 N.Y. 551 (1924) for the principle that municipalities are not subject to zoning in the performance of governmental functions.
Subsequently, the Town of Rush amended its zoning ordinance to prohibit dumping in the town without a permit. In a second action, the court decided that its previous holding applied to any zoning regulation, and that the town was without power to require EFC to apply for or obtain a permit (City of Rochester v Town of Rush, 71 Misc.2d 451 [Sup Ct., Monroe Co., 1972]).
The statutory requirement that counties, in locating solid waste management facilities, take into consideration local zoning and land use character is not explained. In our opinion, it means that counties are not bound by local zoning (City of Rochester v Town of Rush, supra) but may not, on the other hand, ignore it. The Legislature has, in effect, delegated to counties the authority to determine the location and operation of solid waste management facilities but required the county to give consideration to land-use control as evidenced by local regulations. The county would fulfill this requirement by evaluating local land-use zones and existing uses and projecting the impact of solid waste disposal facilities upon the land-use pattern. If a facility would adversely affect the land-use character in a particular area, the facility should be located elsewhere. The county's decision is discretionary but cannot be unreasonable.
It is notable that the Legislature has deemed the establishment of a county solid waste management facility within the county as a county governmental function (County Law, § 226-b). We believe that the purpose was to exempt such facilities from local land use regulation by municipalities in the county, including local permit requirements (except that local zoning and land use character must be considered in locating a facility) (County of Westchester v Village of Mamaroneck, 22 A.D.2d 143
[2d Dept., 1964], affd 16 N.Y.2d 940 [1965]; Nehrbas v IncorporatedVillage of Lloyd Harbor, supra; Village of Larchmont v Town ofMamaroneck, supra). Of course, the establishment and operation of county solid waste management facilities are subject to State law and regulations.
If counties were to be made subject to local regulation in establishing and operating solid waste management facilities, the potential would exist for local governments to frustrate their counties' efforts. Each local government in the county could enact regulations effectively preventing the county from establishing and operating needed facilities. In establishing solid waste disposal as a county function, the Legislature has authorized the county, in relation to county solid waste management facilities, to determine the location of these facilities to serve a county-wide need, and has, in our opinion, granted to counties and not local governments therein, reasonable discretion to determine mode of operation, health, environmental and esthetic standards consistent with State law.
You cite our informal opinion of May 29, 1980, which concludes that a city, in locating a solid waste disposal facility in a town, must comply with town land use regulations. The city was acting outside its geographical boundaries without the specific statutory power granted to counties. The May 29, 1980 opinion is therefore distinguishable from this opinion, which deals with counties and their specific statutory authority to locate and operate solid waste management facilities.
We conclude that a county need only consider local land use regulations in locating a solid waste management facility. A county need not obtain a permit from a town in the county as a condition to operation of a solid waste management facility.