OPINION OF THE COURT
Frank R. Bayger, J.
The petitioners in these proceedings seek an order vacating certain subpoenas duces tecum issued by the Buffalo Common Council’s special committee on off-track betting. The subpoenas directed the attendance and testimony of Messrs. Lee J. Grills, John J. Pautler and Martin Basinait and their production of certain records of the Western Regional Off-Track Betting Corporation (OTB). Mr. Grills is the immediate past president of the corporation. Messrs. Pautler and Basinait are OTB vice-presidents. The committee contends that the corporation was and is poorly managed to the detriment of the City of Buffalo and allegedly seeks information concerning its operation and policies in order to determine the legislative advisability of the city’s withdrawal from the corporation.
*572 OTB is a regional public benefit corporation established by the State Legislature to produce government revenue and curb illegal wagering and bookmaking by means of authorized off-track pari-mutuel wagering (see L 1973, ch 346, as amd). The statute provides for certain voluntary municipal participation in the corporation’s management and a proportionate sharing of its profit, but makes no provision for direct municipal control of the corporation’s daily operations or policies. That authority is vested in the corporation’s board of directors (Regional Off-Track Betting Corporation Law, § 172 [L 1973, ch 346, § 5, as amd]) subject only to the provisions of the statute itself, the rules and regulations of the New York State Racing and Wagering Board (New York State Off-Track Pari-Mutuel Betting Law, § 118 [L 1973, ch 346, § 4, as amd]) and audit by the Comptroller (Regional Off-Track Betting Corporation Law, § 186).
Such a legislative scheme clearly precludes any local investigative or legislative activity concerning OTB operations or policies (accord Catskill Regional Off-Track Betting Corp. v Dombrowski, Supreme Ct, Rockland County, May 23, 1977; 1977 Atty Gen [Inf Opns] 140). It is a well-established rule of law that “ ‘a state agency delegated by law the responsibility of performing a governmental function is not subject to the general police powers of a municipal corporation. * * * The essential point is that the powers, duties and responsibilities assigned and delegated to a state agency performing a governmental function must be exercised free of control or supervision by a municipality within whose corporate limits the state agency must act.’” (County of Westchester v Village of Mamaroneck, 22 AD2d 143, 148, citing Board of Regents v City of Tempe, 88 Ariz 299, 309, 311.) The Western Regional OffTrack Betting Corporation is undeniably engaged in the performance of a State function (Western Regional OffTrack Betting Corp. v Town of Henrietta, 78 Misc 2d 169) and its “operations and policies” are, therefore, beyond the investigative or legislative jurisdiction of the Buffalo Common Council and its committees. Petitioner’s motions are, in all respects, granted.