Harry B. Frank, J.
This is an article 78 proceeding to vacate and annul a determination by the respondent Urstadt, the Commissioner of Housing and Community Renewal of the State of New York, authorizing an increase in maximum average monthly room rental by respondent Washbridge Housing Corp.
Respondent Washbridge Housing Corp. is a limited-profit housing company, duly organized and existing under and by virtue of the provisions of article 2 of the Private Housing Finance Law, that owns and operates a limited-profit rental housing project known as Bridge Apartments, located in Manhattan. An application dated November 1, 1971 was filed by respondent Washbridge in the office of the respondent Commissioner of Housing and Community Renewal requesting that the maximum average monthly room rental of $37.36 at the Bridge Apartments be increased to $46.73, effective at the earliest possible date. Notice of such application was duly given to the tenants and an open public hearing was held on said application on December 17,1971, January 28, March 23 and April 24, 1972.
The Commissioner, after the hearing, approved an increase in the maximum average monthly room rental to $41.36 effective August 1, 1972 and to $44.61 effective August 1, 1973.
Petitioners (tenants of Washbridge) object to the increases granted by respondent Commissioner on the ground that it was arbitrary and unreasonable, there being no factual basis for the determination, and that it was made wholly against the weight of the evidence. Petitioners, to substantiate their contentions, point to a stipulation entered into by the tenants and respondent Washbridge in connection with a Civil Court action in which both sides agreed, subject to the approval of the Commissioner, to an increase of 10% on May 1 and an additional 2% one year thereafter. This stipulation was raised at the *721 hearing conducted by the Commissioner and, at that hearing, representatives of respondent Washbridge gave testimony indicating the adequacy of such increases. Petitioners concede that the respondent Commissioner was not bound by the stipulation and that he clearly has the power to grant the higher increases as ordered. However, petitioners argue that by granting a higher increase than provided for in the stipulation, the Commissioner ignored the testimony and evidence adduced at the hearing and relied on expert knowledge not brought forth at the hearing as the basis for the determination.
It is clear that the basis upon which an administrative agency predicates its determination should be sufficiently clear so as to appraise the reviewing court of the grounds for the administrative ruling. (Matter of Scudder v. O’Connell, 272 App. Div. 251.) It is also clear that an administrative determination should not be disturbed where it has warrant in the record, a reasonable basis in law and is neither arbitrary nor capricious (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70).
Here, the findings of fact by respondent Commissioner are clearly set out in the order allowing the increases. The Commissioner stated:
“ I find and conclude that owing to conditions beyond the control of the applicant, washbridge housing corp. the present maximum average rental per room per month is insufficient, with all other income of the applicant, to enable the company to meet, within reasonable limits, the payments required to be made by the applicant-housing company pursuant to the provisions of Sections 28 and 31 of the Private Housing Finance Law, and that this insufficiency cannot be corrected by reasonable economies in the management and operation of said project.
‘11 further find and conclude that the minimum increase in the maximum average monthly room rental necessary to enable the applicant-housing company to make most of the payments as required to be made to be a total of $7.25 per rental room per month as follows: Effective August 1, 1972, $4.00 and an additional $3.25 effective August 1, 1973.” Based upon these findings the Commissioner authorized the rent increases.
There is clearly a basis in the record to support these findings. The Commissioner considered the application, the transcript of the minutes taken at the hearing, and the exhibits in evidence. Along with the application submitted to the Commissioner, respondent attached schedules indicating a five-year projection of operations based on the present rent and on the proposed increase in rent and a schedule of replacement costs and esti *722 mated housing expenses. These schedules were made exhibits in evidence and representatives of respondent Washbridge were examined and cross-examined on these exhibits at the hearing. Based on these schedules alone, there is sufficient evidence to support the increase granted. The employees of the management company hired by the landlord testified at the hearing that they might be able to pull through with the increase provided in the stipulation. Despite such testimony, the Commissioner found, on all the facts involved, that sound business practice directed the larger increase.
The primary duty of the Commissioner is to see that the public policy embodied in the legislation is carried out and that housing is constructed at a rental rate which can be met by the income group it is intended to assist. He, as the responsible, independent public official in charge, is not subjected to the strains arising out of the landlord-tenant relationship that exists between petitioners and Washbridge. The financial stability of the housing involved is important not only to the tenants but also to the State. More is involved than the future of these specific tenants who now live there for there is a continuing State interest in providing decent housing at reasonable rates which is intimately tied to ensuring that Washbridge is able to meet its obligations under the Private Housing Finance Law. Thus the stipulation is not binding but must be considered as evidence which the Commissioner took into account. The respondent Commissioner’s use of his own staff of experts in the housing field to aid him in making the determination in no way indicates that he has ignored the evidence adduced at the hearing. The extensive experience of the Department of Housing and Community Renewal in this field must be utilized if the determinations made are to properly carry out the statutory mandates of the department.
There has been no showing by petitioners that respondent Washbridge misstated the financial condition of the housing company. The transcript of the hearing makes clear petitioners’ position in this regard and respondent Washbridge’s rebuttal of that position. Thus, the argiiments of petitioners were fully aired and the court finds that the Commissioner’s rejection of those arguments was reasonable and supported by the record.
Accordingly, the respondent Commissioner’s determination was not arbitrary, capricious or contrary to law. The application is denied and the petition is dismissed.