Sidney A. Fine, J.
Petitioners, tenants-shareholders of Cadman Plaza North, Inc. seek via an article 78 proceeding a prompt judicial hearing reviewing the action of the Housing and Development Administration of the City of New York, which ordered and directed a 31% increase in carrying charges of said development. In addition, petitioners seek a preliminary injunction enjoining respondents from enforcing said order.
Cadman Plaza North is a mutual housing company, duly organized under the Limited-Profit Housing Companies Law (Private Housing Finance Law, art. II) which owns and operates a mutual housing project in the Borough of Brooklyn. Respondent Housing and Development Administration of the City of New York (H. D. A.) is pursuant to statute the supervisory agency for Cadman and finances the housing project’s mortgage by selling New York City housing short-term bonds. Thus Cadman is on temporary financing.
On June 1, 1973 as a result of spiraling operation costs, Cad-man applied to H. D. A. pursuant to section 31 of the Limited-Profit Housing Companies Law (Private Housing Finance Law, art. II) for an increase in the maximum average monthly room rental. Before acting upon such an application where the H. D. A. is the supervising agency a public hearing must be held on notice to the tenants. There is ho dispute here of failure to give such notice.
A public hearing was finally held on August 20, 1973 before a designated hearing officer wherein all of the interested parties appeared and were heard. The findings and recommen(|ations included one of two alternatives to be chosen. 1. A straight increase of 31% effective December 1, 1973. 2. A two step increase — a. an increase of 24% effective December 1, 1973; b.. an additional increase of 10% effective December 1, 1974..
The plan was formulated to reduce the financial crisis without overburdening the tenants. It was noted that this increase was the first since 1967.
Petitioners assert that this court ha^ jurisdiction to review the determination of the H. D. A. ordering the increase because said determination was rendered pursuant to a “ judicial hearing” and is not supported by substantial evidence. H. D. A., on the other hand, argues that the' public hearing was quasi-legislative and that judicial review is limited to compliance with the statutory criteria and not to the weight of evidence adduced at the public hearing, H. D. A. was only required to conduct a public hearing (Administrative Code of City of New York, § B 61.0, added by Local Laws, 1969, No. 1 of City of New York) *383 with written notice to the tenants together with a copy of the application and the facts upon which the application is made. The public hearing was intended to be primarily informational to assist H. D. A. in developing a sound fiscal structure for the housing company it supervises. (Local Finance Law, § 152.00.) It did not purport to be a judicial type hearing in connection with a rent increase.
The function of the court is not to substitute its judgment for that of the H. D. A.; it is only to determine whether H. D. A. operated and determined according to law. Judicial interference with such determination complained of is unwarranted. (Cf. Matter of County of Nassau v. Metropolitan Transp. Auth., 57 Misc 2d 1025, affd. 32 A D 2d 647.)
Application denied. Petition dismissed.