Edwin Kassoff, J.
This is a CPLR article 78 proceeding to: (1) review and annul the determination of respondent Roger Starr, Administrator of the Housing and Development Administration of the City of New York (HDA) dated September 19, 1975 which authorized a two-step rent and utilities increase totaling 28.6%; (2) enjoin respondents from implementing the first step of the increase; and (3) direct that the current rental is the maximum lawful rental. The premises affected are known as Sky View Towers, an apartment complex located at 47-30 and 47-50 59th Street, Woodside.
Sky View Towers was built and financed under article II of the Private Housing Finance Law, commonly referred to as the Mitchell-Lama Law. By application dated May 2, 1975 respondent Sky View Housing Corp., the limited profit corporation which owns the premises, requested the HDA to grant a 45.04% increase in rent based on its inability to meeting all expenses, including fixed charges and reserves as authorized by law and by the HDA pursuant to section 31 of the Private Housing Finance Law. A hearing was conducted on July 1, 1975 pursuant to subdivision a of section B61.0 of the Administrative Code of the City of New York, commonly referred to as the Merola Law (see Private Housing Finance Law, § 31; also Local Laws, 1969, No. 1 of City of New York). The hearing officer recommended a two-stage increase as follows: a 9.5% increase on October 1, 1975 and a 9.5% on October 1, 1976 or, alternatively, a single 16% increase on October 1, 1975. After review of the hearing officer’s report, respondent *95 Starr on September 19, 1975 issued an order directing a two-stage increase of different proportions, to wit, a 14.3% increase effective November 1, 1975 and an additional 14.3% effective September 1, 1976. This divergence in figures was the result of the administrator’s refusal to fund the deficit by utilizing the "Development Working Capital Fund” constituting $139,184 as had been recommended by the hearing officer. Petitioner contends that such a determination was arbitrary, capricious and contrary to law.
Initially, respondent Sky View Housing Corp. seeks dismissal of the petition on the ground that the proper remedy is a direct appeal to the Appellate Division. This remedy is available to limited dividend housing companies under subdivision (b) of section 87 of the Private Housing Finance Law. The exclusion of this manner of procedure under section 31 clearly indicates that the Legislature chose not to permit its use when limited profit housing companies are involved.
The thrust of the petition is that respondent Starr’s unexplained refusal to adhere completely to the hearing officer’s recommendation is arbitrary and requires that the matter be remanded. While a hearing is statutorily imposed, it has been held that it is not quasi-judicial in nature but rather administrative and thus limits the court’s scope of review (see Matter of Messner Housing Development Admin. of City of N. Y., 78 Misc 2d 381, affd 47 AD2d 715; see, also, Matter of Fuller v Urstadt, 28 NY2d 315). Recently, the Court of Appeals in Matter of Armere Holding Corp. v Bell (37 NY2d 925, 926) held that although the commissioner in withdrawing petitioner’s tentative sponsorship of an urban renewal project was bound not to act arbitrarily or capriciously, petitioner was not entitled "as a matter of constitutional due process to an evidentiary hearing, findings of fact, and reasons for the determination.” Thus, in the instant case, the administrator’s failure to state reasons for the departure from the hearing officer’s method of funding is not in and of itself arbitrary (but see Matter of Merber v Urstadt, 46 AD2d 752).
In any event, respondent Starr has in opposition to the motion set forth the basis for his determination, to wit: that the Development Working Capital Fund has been advanced to the project by the City of New York as part of the mortgage loan authorized by the board of estimate for the construction of the project, and that the use of mortgage proceeds to satisfy obligations such as the payment of stock dividends is prohib *96 ited by section 28 of the Private Housing Finance Law, which provides that such payments shall be made out of earnings, i.e., rental income. The statute is quite clear. Petitioner asserts, however, that the project has utilized the Development Working Capital Fund for such purposes in the past and that the HDA has permitted such use in other projects at other times (see Merber v Urstadt, supra).
While there is some indication in the opposing papers of the truth of that contention, the administrator’s refusal to continue the practice does not render the determination arbitrary or capricious, nor is there any waiver or equitable estoppel which would perpetuate the misuse of such funds in futuro. The application and construction of a statute is for the determination by the administrator and such a determination is to be afforded controlling weight and accepted by the courts in the absence of a demonstration that it was without rational basis or arbitrary or capricious (Matter of Plaza Mgt. Co. v City Rent Agency, 37 NY2d 837). Further, the respondent administrator states that the city intends to recapture the funds by requiring a prepayment of the mortgage. Thus, the fiscal crisis of this city has once again raised its ugly head. While the court is sympathetic to the plight of the already overburdened and quickly diminishing middle class, it cannot substitute its judgment for that of the administrator.
Accordingly, the application is denied and the petition dismissed. The funds held in escrow by counsel for the petitioner in the Richmond Hill Savings Bank, account No. 8-204537, shall be released and delivered to the respondent Sky View Housing Corp. through Broad-Elm Realty Corp., its bonded and authorized managing agent, and, further, counsel for the petitioner is directed to furnish a statement of the names and apartment numbers of the tenants who have deposited sums in escrow and the amount each has so deposited for each month.