■ In the Matter of HARRY SCHWARTZ et al., Petitioners, v JOHN G. HEIMANN, as Commissioner of Division of Housing and Community Renewal of the State of New York, et al., Respondents, and BRIGHTWATER TOWERS, INC., Intervenor.—Proceeding pursuant to CPLR article 78, *inter alia,* to review an order of the Commissioner of Housing and Community Renewal of the State of New York, dated December 28, 1976, which, after a public hearing, authorized Brightwater Towers, Inc. (the intervenor herein), to increase its maximum average monthly room rental. Order confirmed and

proceeding dismissed on the merits, without costs or disbursements. The order was challenged by petitioners, tenants of the subject premises, upon the grounds, *inter alia,* that it was made in violation of lawful procedure, was arbitrary and capricious, and was not, on the entire record, supported by substantial evidence. We have reviewed the entire record and find that the order, which was made after a hearing, was made in accordance with lawful procedure and was supported by substantial evidence. Petitioners argue that the commissioner, in granting a rent increase, *sua sponte* projected the expenses for the year ending March 31, 1979. According to petitioners, the commissioner erred in this regard since the owner's application was based on figures projected only through March 31, 1978 and there was no testimony adduced at the hearing for the period beyond that date. We disagree with petitioners' argument. It has been held that projections for future years are acceptable aids in determining proper rents (see *Matter of Greene v Goodwin,* 46 AD2d 69, 73, affd 36 NY2d 886). Moreover, it was alleged in an affidavit in opposition to the petition, and never denied in the papers before Special Term, that petitioners' attorney was shown and explained the projections for the year 1978/1979, and at no time did he protest the use thereof or request a reopening of the hearing. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.