■ In the Matter of BROOKDALE HOSPITAL CENTER TENANTS ASSOCIATION et al., Petitioners-Respondents, v JOSEPH B. GOLDMAN, as Acting Commissioner of the New York State Division of Housing and Community Renewal, et al., Appellants. In the Matter of BROOKDALE HOSPITAL CENTER TENANTS ASSOCIATION et al., Respondents, v JOSEPH B. GOLDMAN, as Acting Commissioner of the New York State Division of Housing and Community Renewal, et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Margaret Taylor, J.), entered January 12, 1983, unanimously reversed, on the law, and the petition dismissed and the orders of the Acting Commissioner of the New York State Division of Housing and Community Renewal reinstated, without costs and without prejudice to any appropriate action which petitioners may be advised to take with respect to the claim that the payroll deductions contained in the leases signed by the tenants of the housing corporations respondents are in violation of section 193 of the Labor Law. Respondents in these consolidated proceedings under CPLR article 78 are the Acting Commissioner of the New York State Division of Housing and Community Renewal (Commissioner), Brookdale Hospital Center Housing Company, Inc. (Center Housing) and Brookdale Hospital Center Hegeman Avenue Housing Company, Inc. (Hegeman). Petitioners are Brookdale Hospital Center Tenants Association and some individual tenants in the buildings operated by Center Housing and Hegeman. Center Housing and Hegeman were organized as limited-profit housing corporations under the Private Housing Finance Law to provide housing for doctors, nurses and other employees of Brookdale Hospital Medical Center. Center Housing owns and operates a building known as the Stella Baar (Baar) Staff Residence while Hegeman operates a building known as the Earl S. Baird (Baird) Staff Residence. Pursuant to statute a housing company may fix the rent payable for an apartment subject to the limitation that it may not exceed the maximum rents fixed by the Commissioner. All increases in maximum rent are fixed by the Commissioner upon application made to him. In June, 1980 both Center Housing and Hegeman applied to the Commissioner for an increase in maximum rents. These applications indicated that as of the fiscal year ending March 31, 1980 each of the housing companies was saddled with substantial cumulative deficits. Projections for the years 1981, 1982 and 1983 indicated a steadily worsening financial condition particularly in light of the projected increase for fuel, maintenance, repair and payroll and for gas and electricity, both of which are included in the rent. After making his own audit the Commissioner authorized a two-stage increase in rent for Center Housing from $69.10 per room per month to $77.74 effective December 1, 1980 and from $77.74 per room per month to $87.46 effective December 1, 1981. For Hegeman he authorized a two-stage increase from $73 per room per month to $81.64 effective December 1, 1980 and from $81.64 per room per month to $91.36 effective December 1, 1981. In each instance the charge for utilities was included in the rent increase. Special Term annulled the orders of the Commissioner on three grounds: First, that the figures on which the Commissioner based his determinations are not contained in his orders; secondly, that the inclusion in his affidavit by way of exhibit of the audit conducted by his staff was improper since it constituted reasons for his orders not given at the administrative level; and finally, that his orders do not indicate that he considered the arguments advanced by petitioners in opposition to the rent increases. We find none of these reasons, which deal solely with the face of the

orders, to be persuasive. The record, which includes the audits made by the Commissioner, demonstrates a rational basis for the orders. The fact that it was bottomed on projections does not detract from the acceptability of the orders. (*Matter of Schwartz v Heimann,* 64 AD2d 925, mot for lv to app den 45 NY2d 1005.) These must, therefore, be upheld (*Matter of Greene v Goodwin,* 46 AD2d 69), since under section 31 (subd 1, par [a]) of the Private Housing Finance Law the power to order an increase rests in the Commissioner's sound discretion. There remains an additional question for disposition. The leases submitted to the tenants of these buildings and executed by them contain a provision authorizing a deduction of monthly rental from the tenants' wages. This, it is contended, is violative of section 193 of the Labor Law. Special Term granted petitioners a temporary injunction enjoining the enforcement of this provision of the lease pending final determination of the proceeding. There are a number of reasons why this temporary injunction must be vacated. To begin with this is a proceeding to review the determination of the Commissioner. That question was never presented to him and he did not decide the issue. It was dragged in, for the first time, before Special Term. Hence, it was not preserved for review by Special Term or by us. Secondly, if the matter had been raised before the Commissioner there is grave doubt of his jurisdiction to decide it. Finally, the issue is one singularly inappropriate for determination in an article 78 proceeding. However, while we reverse, we recognize that the parties have never had a fair opportunity to litigate the issue in a forum having jurisdiction. Accordingly, our reversal is without prejudice to such action as petitioners may deem advisable. Concur — Asch, J. P., Silverman, Bloom, Fein and Kassal, JJ.