(May 21, 1987)

■ In the Matter of EASTWOOD BUILDING COMMITTEE OF ROOSEVELT ISLAND et al., Respondents, v WILLIAM B. EIMICKE, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Appellants, et al., Respondent.—Order of the Supreme Court, New York County (Louis Grossman, J.), entered April 10, 1986, which granted a petition to vacate a determination by respondent William B. Eimicke, as Commissioner of the New York State Division of Housing and Community Renewal, authorizing an increase in maximum average monthly room rental by respondent North Town Phase I Houses, Inc., to the extent of remitting the matter to respondent Division of Housing and Community Renewal for findings of fact based upon the evidence submitted in support of its decision and order, is reversed, on the law, and the petition dismissed, without costs or disbursements.

North Town Phase I Houses, Inc. (North Town) owns and operates a limited-profit housing rental project known as "Eastwood", on Roosevelt Island, organized pursuant to article II of the Private Housing Finance Law. On August 13, 1985, North Town applied to respondent Division of Housing and Community Renewal (DHCR) for a rent increase of $19.69 per room per month effective January 1, 1986. Upon notice to all tenants, the Division held a public conference on December 5, 1985, at which many tenants, including representatives of petitioner Eastwood Building Committee and their attorneys and accountants, attended and had an opportunity to be heard. The agency personnel who were to review and analyze North Town's application also attended.

In an order dated December 26, 1985, the Commissioner found, after considering the entire record, that the present rental rate was insufficient to meet increased costs and that

this insufficiency could not be corrected by reasonable economies in the management and operation of the project. The Commissioner determined, therefore, that an increase was necessary and authorized a two-step increase of $10.09 per room per month effective February 1, 1986 and $10.09 effective February 1, 1987.

The Supreme Court held that the order was defective on its face for failing to adequately set forth the factual basis for its determination. It remitted the matter to the agency for findings of fact, based on the evidence submitted, in support of its decision and order.

We find this holding to be erroneous and, therefore, reverse.

The challenged order clearly sets forth a factual basis for the agency determination. It specifically states that the DHCR had found that the project's operating expenses had increased, and would continue to do so, beyond the control of the housing company. It found that the current rental rates would be insufficient to meet those expenses and that, therefore, a rent increase would be necessary. Where the agency determination states the findings, and the record, as here, sets forth enough evidence to support those findings, the determination is legally sufficient on its face (see, Matter of Hamer v Urstadt, 74 Misc 2d 719, affd 45 AD2d 988).

Matter of Montauk Improvement v Proccacino (41 NY2d 913), relied upon by the nisi prius court, is distinguishable. There, the State Tax Commissioner in the challenged determination simply concluded that " '[i]t is the policy of the Tax Commission not to permit or require a combined return where taxation on an individual basis produces a more proper result' " (supra, at 914). The Court of Appeals noted that no reference was made to the agency's own regulations, no findings of fact were posited which demonstrated a basis for its conclusion and no relationship between findings of fact and the conclusory statements was presented. In addition, in Montauk, a "quasi-judicial" hearing was required by statute. Here, on the other hand, only a public conference is necessary under the relevant regulation (9 NYCRR 1728-1.2 [b] [4] [iii]). This nonstatutory, administrative hearing is not adversarial or quasi-judicial. Its purpose is simply to inform the Commissioner of all viewpoints relevant to the application for an increase.

In addition to being validly supported by facts, the challenged order has a rational basis amply set forth in the record. This record includes, inter alia, the application for the rent increase, the schedules appended to the application pre-

pared by the housing company and thereafter annotated by the agency, the notice to the tenants from the agency, the worksheets of the agency comparing the housing company's projections with the agency's projections and the agency's memoranda detailing its determination of the necessity for and amount of a rental increase. Since there was a rational basis for the determination and it was neither arbitrary nor capricious, it must be upheld *(see, Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 277-278). Concur—Murphy, P. J., Ross, Asch, Rosenberger and Ellerin, JJ.