■ In the Matter of CITY OF YONKERS, Respondent, v COUNTY OF WESTCHESTER et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia*, to review Resolution No. 131-1990 and Act No. 54-1990 of the County Board of Legislators of the County of Westchester, the appeal is from a judgment of the Supreme Court, Westchester County (Carey, J.), entered August 5, 1991, which granted the petition to the extent of annulling the negative declaration made pursuant to the State Environmental Quality Review Act and approved by Resolution No. 131-1990.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed in its entirety.

The County of Westchester operates the Yonkers Joint Wastewater Treatment Plant (hereinafter the plant). By notice dated November 18, 1987, the State Department of Environmental Conservation (hereinafter the DEC) notified the County that the plant was consistently exceeding the effluent emissions limitations of the State Pollutant Discharge Elimination System (hereinafter the SPDES) permit under which it operates. As a result, the DEC imposed a moratorium on the construction of any new sewers within the district serviced by the plant. In response, the County applied for a modification to the plant's SPDES permit to allow for an increase in the total flow limitation set forth therein. Subsequently, the respondent DEC Commissioner, Thomas C. Jorling, agreed to lift the moratorium on the condition that the County enter into a stipulation requiring it to conduct a Sewer System Evaluation Survey of the district, and based upon the results of this survey, to "make good faith efforts * * * to compel (affected) municipalities" to remove "known infiltration and inflow sources" of ground and surface waters. The County Board of Legislators agreed to the terms of this stipulation, and subsequently passed Act No. 54-1990 authorizing the County to enter into it, and Resolution No. 31-1990, which set forth a

"negative declaration" stating that "there (would) be no significant impact to the environment from the adoption of" Act No. 54-1990 *(see,* ECL 8-0109 [4]; 6 NYCRR 617.6).

The City of Yonkers brought this proceeding alleging that the County had improperly failed to prepare an environmental impact statement (hereinafter EIS) concerning the proposed sewer repairs and rehabilitation. Specifically, the City argued that an EIS was required because the work would involve "breaking open * * * local municipal streets * * * along the entire 1100 mile length of municipal and county-owned sewer lines". The City therefore requested a judgment annulling the negative declaration and enjoining the respondents from executing the stipulation or going forward with the Sewer System Evaluation Survey and sewer repairs.

Significantly, the negative declaration was expressly limited in its coverage to the potential impacts which the sewer system rehabilitation and repair project would have upon the Hudson River and its shoreline, which are together designated a Critical Environmental Area, and did not purport to apply to the potential impacts of the project upon local municipalities. Rather, the negative declaration specifically noted that "[a]ny necessary corrective action identified" in the Sewer System Evaluation Survey would be subject to "separate, additional and site-specific environmental review". However, the record clearly demonstrates that at no time did the County, as lead agency under SEQRA, identify the projected sewer system repair and rehabilitation work as a "Type I action" with regard to its potential environmental impacts upon those local municipalities where the repairs would take place, thereby automatically requiring SEQRA review of this proposed work *(see,* 6 NYCRR 617.2 [b] [ii]; 617.3 [f], [j]; 617.4 [e]; 617.12). On the contrary, the sole reason for classifying the action as Type I was clearly its theoretical potential for negatively affecting a Critical Environmental Area *(see,* 6 NYCRR 617.12 [b] [12]). Whether or not some of the sewer system repair and rehabilitation will require Type I actions, demanding SEQRA review, cannot be known until after the Sewer System Evaluation Survey is completed *(see, Matter of Citizens For An Orderly Energy Policy v Cuomo,* 159 AD2d 141, 160, *affd* 78 NY2d 398). However, it is clear that the bulk of this work will involve Type II or exempt actions not subject to SEQRA review *(see,* ECL 8-0105 [5] [iii]; 6 NYCRR 617.2 [q] [3]; 617.13 [a], [d] [1], [5]). The petitioner's assertion that the County has determined this work to be Type I in nature, and that therefore the County cannot now argue that the sewer

repair and rehabilitation work will involve only Type II or exempt actions, is belied by the record, which demonstrates that at no time did the County determine this work to involve Type I actions *(see, Matter of Levitt v Civil Serv. Commn.,* 150 AD2d 983; *Matter of Eastwood Bldg. Comm. v Eimicke,* 130 AD2d 425; *Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25, 26-27; *cf., Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593-594). Nothing contained in the stipulation compromises the County's legal responsibilities under SEQRA. To the extent that the Sewer System Evaluation Survey reveals that some Type I actions may be involved in eliminating infiltration and inflow, alternatives must of course be considered. We therefore conclude that the facts of this case do not present a situation wherein SEQRA review has been improperly postponed until after an action has been taken requiring such review *(see, Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738; *Cross Westchester Dev. Corp. v Town Bd.,* 141 AD2d 796; *cf., Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41; *Matter of Wing v Coyne,* 129 AD2d 213; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868). Furthermore, to the extent that the County's action in entering into the stipulation required SEQRA review, we find that the negative declaration constituted a reasonable exercise of the County's discretion based upon a hard look at the relevant areas of environmental concern *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524; *Matter of Stewart Park & Reserve Coalition v New York State Dept. of Transp.,* 157 AD2d 1, *affd* 77 NY2d 970). Accordingly, the proceeding is dismissed in its entirety. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.