■ ROSS-RODNEY HOUSING CORP., Respondent, v FELICE L. MICHETTI, as Commissioner of Housing Preservation and Development of the City of New York, et al., Appellants. [614 NYS2d 404] —Order and judgment (one paper) of the Supreme Court, New York County (William J. Davis, J.), entered October 5, 1993, which granted petitioner's application to annul

the respondents' determination of June 19, 1992 granting petitioner two 11% rent increases and directed respondents to increase the current rental rate to an amount sufficient to meet petitioner's actual operating expenses and statutorily mandated costs, is unanimously reversed, on the law and facts, the respondents' determination reinstated and the petition dismissed, without costs or disbursements.

Petitioner owns and operates a Housing Development, known as Bedford Gardens, in Brooklyn which is financed and subsidized pursuant to article II of the New York State Private Housing Finance Law. Petitioner's president also controls at least six other separate entities which furnish maintenance, management, security and legal services to Bedford Gardens.

Petitioner sought a rent increase of over 60% alleging that such an increase was necessary in order to provide sufficient income to meet all reasonable expenses as well as a return of 6% on investment as provided by Private Housing Finance Law § 28 (1) and § 31 (1). The respondent, Department of Housing Preservation and Development (HPD), after hearings on the requested rent increases, pursuant to 28 RCNY 3-10 (b) (1) and Administrative Code of the City of New York § 26-530 (a), and the completion of three analyses of the request, issued an order directing increases of 11% annually, effective July 1, 1991 and July 1, 1992, respectively. In an initial CPLR article 78 proceeding, the matter was remanded to HPD for findings of fact, based upon all the evidence submitted and the analyses of the rent increase petition.

HPD issued the Commissioner's Order on Remand, adhering to the first determination but enumerating the evidence and analyses relied upon. The IAS Court annulled this Order on Remand, finding it was not supported by the record and remanded for an upward adjustment in the rental rate to an amount sufficient to meet petitioner's actual operating costs. We reverse and dismiss the petition since there *was* a rational basis for the respondent HPD's determination, and therefore, the court exceeded its authority in substituting its judgment for that of the agency *(see, Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal,* 159 AD2d 416, *appeal dismissed* 76 NY2d 844, *lv denied* 76 NY2d 709).

Two of the analyses done on the requested rent increases were completed within the agency and both concluded that the instant application was grossly overstated when compared with other similar housing developments, due, in part, to

excessive requests for maintenance and management costs as well as legal costs. The third analysis was conducted by the Community Preservation Corporation, a private, not-for-profit organization, funded by several commercial banks in New York City. This *independent* analysis, in comparing the Bedford Gardens application with costs at other similar housing developments, came to the same conclusion. It found that the rental increases sought were clearly in excess of necessary increases, citing the reason to be excessive management fees, management salaries, legal fees and repairs. Thus, the analyses, the documents and the other materials in the record set forth sufficient evidence to support the determination reached by HPD. "Where the agency determination states the findings, and the record, as here, sets forth enough evidence to support those findings, the determination is legally sufficient on its face." *(Matter of Eastwood Bldg. Comm. v Eimicke,* 130 AD2d 425, 426, *lv denied* 70 NY2d 816.) Further, "[s]ince there was a rational basis for the determination and it was neither arbitrary nor capricious, it must be upheld" *(supra,* at 427). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Nardelli, JJ.