■ In the Matter of LEONARD MARCUS et al., Respondents, v DEBORAH C. WRIGHT, as Commissioner of Housing Preservation and Development of the City of New York, et al., Appellants. [639 NYS2d 369]

Petitioners are limited partners of Bedford Gardens Company, which holds equitable title to Bedford Gardens, a Mitchell-Lama housing project in Brooklyn. The general partners of Bedford Gardens Company are Herman Kraus and Ross-Rodney Housing Corp. Kraus is the managing general partner of Bedford Gardens and the managing agent of the project through an entity called Kraus Management. Ross-Rodney is a Mitchell-Lama limited profit housing company which holds legal title to the project.

Petitioners asked the respondents to oust Ross-Rodney's board of directors, Mr. Kraus as managing general partner of Bedford Gardens Company and Kraus Management as project manager, claiming that Kraus was inflating the project's maintenance expenses through contracts with his own companies, profiting himself but depriving petitioners of a return on their investment. Petitioners brought this article 78 proceeding after the Department of Housing Preservation and Development refused to take any action on these allegations on the ground that this amounted to a failure to discharge its statutory responsibilities under the Mitchell-Lama Law (Private Housing Finance Law art II). The IAS Court denied the respondents' motion to dismiss the petition for failure to state a cause of action and granted the petition directing the respondents to perform their supervising and regulatory duties set out under section 32 of the Private Housing Finance Law. This decision was reached by the *nisi prius* court despite the agency's position that it was taking no action since ongoing litigation with Ross-Rodney raised the same issues, was decided adversely to the agency at that time and that this adverse determination was being currently appealed (*see, Ross-Rodney Hous. Corp. v Michetti*, 205 AD2d 436, *lv denied* 84 NY2d 809).

The IAS Court correctly found that courts may use mandamus to require performance of acts that are mandated by statute but are exercised by means that are discretionary. "Compli-

ance with almost any statutory directive will involve some measure of discretion exercised by those implementing its terms, but this will not render nonjusticiable a claim which asks the courts to compel compliance with a statute that is otherwise mandatory on its face" (*Matter of Natural Resources Defense Council v New York City Dept. of Sanitation*, 83 NY2d 215, 221). However, the IAS Court erred in its conclusion that the acts enumerated in section 32 of the Private Housing Finance Law fall into the mandated category.

Throughout section 32, the Legislature uses the discretionary term "may" in enumerating the powers of the Commissioner or the supervising agency in "Supervision and regulation" instead of the mandatory term "shall". The Court of Appeals has found that when the legislative body wishes to impart discretion to an agency, it uses the word "may", in contrast to the use of the verb "shall", which evinces an intent to impose mandatory duties upon the agency (*supra* at 220-221). Thus, the IAS Court erred in finding that the acts at issue herein were mandatory duties of the respondent Commissioner and agency. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.