■ INDEPENDENCE PLAZA NORTH TENANTS ASSOCIATION, INC., et al., Petitioners, v RICHARD T. ROBERTS, as Commissioner of

the New York City Department of Housing Preservation and Development, et al., Respondents. [715 NYS2d 16] —Determination of respondent Department of Housing Preservation and Development (HPD), dated September 28, 1998, granting respondent limited profit housing owner a rent increase, challenged by petitioner tenants as made in violation of lawful procedure, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Barbara Kapnick, J.], entered on or about August 4, 1999), dismissed, without costs.

We reject petitioners' argument that because the Hearing Officer made no decision as to whether there should be a rent increase, the determination is invalid. The Hearing Officer, after noting the divergent views presented at the hearing, recommended that the Assistant Commissioner obtain further input from outside experts. Following that recommendation, a review was undertaken by the Housing Development Corporation (HDC), an agency closely related to respondent HPD (see, Private Housing Finance Law §§ 651, 653, 654, 665), and familiar with the subject development. All parties were given an opportunity to comment on HDC's analysis and recommendations, and respondent Commissioner's reliance thereon was proper. A rent application hearing is not quasi-judicial or adversarial in nature; rather, "[i]ts purpose is simply to inform the Commissioner of all viewpoints relevant to the application for an increase" (Matter of Eastwood Bldg. Comm. of Roosevelt Is. v Eimicke, 130 AD2d 425, 426, lv denied 70 NY2d 816). Accordingly, the Commissioner may rely on input from outside parties in setting a rent increase (see, Ross-Rodney Hous. Corp. v Michetti, 205 AD2d 436, lv denied 84 NY2d 809; Matter of Rappaport v Gaynor, 75 Misc 2d 649, 652, affd 26 AD2d 620). We note that the Commissioner did not merely adopt HDC's recommendations, but rather revised its recommendations after extensive discussion with the parties and their experts. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.