■ In the Matter of DUANE STREET ASSOCIATES, Petitioner, v RICHARD T. ROBERTS, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Respondents. [714 NYS2d 485] —Determination of respondent Department of Housing Preservation and Development dated September 28, 1998, granting petitioner limited profit housing owner a rent increase claimed to be inadequate, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Barbara Kapnick, J.], entered on or about August 4, 1999), dismissed, without costs.

The challenged determination has a rational basis in the record, namely, the projection of revenues and expenses for the housing development made by the Housing Development Corporation, and revised after extensive input from all the parties and their experts (*see, Matter of Greene v Goodwin*, 46 AD2d 69, 73, *affd* 36 NY2d 886; *Matter of Brookdale Hosp. Ctr. Tenants Assn. v Goldman*, 99 AD2d 702, 703). Given this record support, the determination is not invalid simply because the paper embodying it, denominated "Commissioner's Order," does not itself recite the facts on which the determination is based (*see, Matter of Tenant's Advisory Comm. of Sky View Towers v Starr*, 87 Misc 2d 93, 95, *affd* 54 AD2d 701, *affd* 42 NY2d 1044; *Matter of Brookdale Hosp. Ctr. Tenants Assn. v Goldman, supra*). The decision not to fund cumulative arrears of return on equity was not improper (*see, Winthrop Gardens v Goodwin*, 58 AD2d 764), particularly since petitioner took cumulative returns of equity in previous years. Concur— Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.