Matter of Independence House Tenants' Assn. v New York City Hous. Preserv. & Dev. (2019 NY Slip Op 05071)





Matter of Independence House Tenants' Assn. v New York City Hous. Preserv. & Dev.


2019 NY Slip Op 05071


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9700 154058/17

[*1]In re Independence House Tenants' Association, et al., Petitioners,
v
New York City Housing Preservation and Development, et al., Respondents.


Jack L. Lester, New York, for petitioners.
Zachary W. Carter, Corporation Counsel, New York (Eva L. Jerome of counsel), for New York City Department of Housing Preservation and Development, respondent.
Kellner, Herlihy, Getty & Friedman, LLP, New York (Jeanne Williams of counsel), for West Side Federation for Senior and Supportive Housing, respondent.



Determination of respondent New York City Housing Preservation and Development (HPD), dated August 7, 2017, which directed an increase in rent charge, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Lynn R. Kotler, J.], entered on or about April 13, 2018), unanimously dismissed, without costs.
Although this proceeding was improperly transferred to this Court, because the determination was not made pursuant to an administrative hearing (see Independence Plaza N. Tenants Assn. v Roberts, 276 AD2d 427 [1st Dept 2000]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771 [2d Dept 2005], lv denied 7 NY3d 708 [2006]; CPLR 7803[4]; 7804[g]), we nevertheless address the merits of the petition in the interests of judicial economy (see Matter of DeMonico v Kelly, 49 AD3d 265 [1st Dept 2008]).
HPD's determination has a rational basis in the record, namely, the projections of revenue and expenses, which are supported by various underlying financial documents and reports, the owner's audited financial statements, and an engineer's report and assessment addressing the physical needs of the building and the scope of the repair work necessary (see Matter of Duane St. Assoc. v Roberts, 276 AD2d 427 [1st Dept 2000]; Matter of Brookdale Hosp. Ctr. Tenants Assn. v Goldman, 99 AD2d 702, 703 [1st Dept 1984]; Matter of Greene v Goodwin, 46 AD2d 69, 73 [2d Dept 1974], affd 36 NY2d 886 [1975]; Matter of Podhaizer v Eimicke, 141 AD2d 546 [2d Dept 1988], lv denied 72 NY2d 810 [1988]).
HPD's consideration of the availability of Section 8 vouchers when making its determination, which took into account the availability of funds and tenants' continued access to rental units within their means, does not render the determination arbitrary and capricious or an abuse of discretion (see Winthrop Gardens v Goodwin, 58 AD2d 764 [1st Dept 1977]; Brookdale, 99 AD2d at 703). HPD's failure to address petitioners' arguments about the potential availability of alternative funding sources in its determination also does not render the determination arbitrary (see Duane St. Assoc., 276 AD2d at 427). HPD reviewed and considered the testimony presented at a public hearing on the rent increase, where the issue of alternative funding sources was raised.
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK